UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RUDOLPH HAWTHORNE,

                         Plaintiff,

-against-                                         9:17-CV-0438 (LEK/CFH)

DRAGOS MACELARU, *et al.*,

                         Defendants.

## DECISION AND ORDER

**I.**     **INTRODUCTION**

Pro se plaintiff Rudolph Hawthorne filed his Complaint in this action on April 20, 2017, seeking to assert Eighth Amendment claims arising out his confinement at Upstate Correctional Facility ("Upstate C.F."). Dkt. No. 1 ("Complaint"). Upon review of the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, this Court concluded that the allegations in the Complaint failed to plausibly suggest that any of the defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. Dkt. No. 4 ("May Order") at 2–8. In light of his pro se status, Plaintiff was given the chance to file an amended complaint if he wished to avoid dismissal of this action. Id. at 9. Plaintiff duly filed an Amended Complaint, which is before the Court for review. Dkt. No. 5 ("Amended Complaint").

**II.**    **DISCUSSION**

In his Amended Complaint, Plaintiff names Dr. Macelaru and Nurse Sturgeon as defendants. Am. Compl. at 1. Plaintiff realleges his claim against Dr. Macelaru arising from the carpal tunnel surgery Dr. Macelaru performed on his left hand in January 2016. Id. at 2. As alleged, Dr. Macelaru did not follow the "protocol or procedure" used in his earlier, successful

surgery on Plaintiff's right hand. Id. Plaintiff further alleges (as he did in his Complaint) that he continued to experience severe pain in his left hand following the surgery, and that he sought evaluation and treatment at sick call over a period of several months. Id. In December 2016, Plaintiff underwent testing, which showed that he still had carpal tunnel in his left hand, and that "the surgery was not a success." Id.

Since January 31, 2017, Plaintiff has sought medical treatment for his left hand at sick call on many occasions. Id. at 3. Nurse Sturgeon has continually refused to schedule Plaintiff to see a physician. Id. On May 8, 2017, Nurse Sturgeon told Plaintiff that he would receive treatment only if he were transferred to another facility or "when I go home." Id. Plaintiff states that he continues to experience significant pain and loss of function in his left hand, and he seeks an award of damages. Id.

Upon review, the Court finds that the Amended Complaint does not include sufficient factual allegations against Dr. Macelaru to plausibly suggest that he acted with deliberate indifference to Plaintiff's serious medical needs, was reckless in his treatment of Plaintiff, or provided medical treatment that was constitutionally inadequate. As discussed in the May Order, May Order at 5–7, an unsuccessful surgical outcome does not suffice to state a cognizable Eighth Amendment claim of deliberate indifference. See, e.g., Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("[N]egligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim."). While Plaintiff alleges in his Amended Complaint that Dr. Macelaru did not follow the same "protocol and procedure" in the second surgery as he had in the first, Am. Compl. at 2–3, this conclusory assertion does not warrant a different conclusion.

As a result, the Court finds that the Amended Complaint fails to state a claim against Dr. Macelaru.

Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, e.g., Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that the Amended Complaint alleges enough facts about Nurse Sturgeon to require a response from her. In so ruling, the Court expresses no opinion as to whether Plaintiff's claim against Nurse Sturgeon can withstand a properly filed dispositive motion.

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 5) is accepted for filing and is the operative pleading in this action; and it is further

**ORDERED**, that the Clerk shall (i) terminate Dr. Mandalaywala, Jane Doe #1, and Jane Doe #2 as defendants, and (ii) revise the docket to add Nurse Sturgeon as a defendant in this action; and it is further

**ORDERED**, that Plaintiff's claim that Dr. Macelaru was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights is **DISMISSED** in accordance with 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and that the Clerk shall terminate Dr. Macelaru as a defendant; and it is further

**ORDERED**, that the Clerk shall issue a summons and forward it to the U.S. Marshal for service on defendant Sturgeon; and it is further

**ORDERED**, that a response to the Amended Complaint shall be filed by defendant Sturgeon or her counsel as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action shall bear the case number assigned to this action and shall be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. Motions must comply with Local Rule 7.1 of the Northern District of New York; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff must promptly notify the Clerk's Office and opposing counsel (in writing) of any change in his address; his failure to do so may result in the dismissal of this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 17, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge